SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------x
STEPHEN PARK, THOMAS YANG, PAUL LEE,
ERIC YU, and ANDREW CHANG all individually and
on behalf of KORILLA BBQ, LLC,
Plaintiff,

- against -

EDWARD SONG, DAVID IM, KORILLA EAST
VILLAGE TRUCK, INC., WHITE TIGER NAMED
KORILLA, LLC, LET GROUP, LLC, AEGIS 233, LLC,
HARDY CHUNG, BYUNG KEUN SONG, WILLIAM
SONG, ESTHER CHOI, AEGIS 42, LLC, GRAND
KOAST LLC, KOAST LLC, KOMMISSARY LLC, 3E
LLC, John Does 1 through 10, KORILLA BBQ, LLC,
Defendants.
---------------------------------------------------------------

E.D.N.Y. District Court
Index No. 20-77

NY Supreme Court – NY County
Index No.: 650186/2017

**NOTICE OF REMOVAL**

**TO THE HONORABLE DISTRICT COURT JUDGE
ASSIGNED TO THESE PROCEEDINGS:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1452, 28 U.S.C., §157(a), Rule 9027 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and further based on the grounds set forth in this Notice of Removal, defendants Aegis 42, LLC ("Defendants"), by and through their counsel, MORRISON TENENBAUM PLLC., hereby remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Eastern District of New York. This Court has original jurisdiction of this case pursuant to 28 U.S.C. §1334. In support of defendants' Notice of Removal, Aegis 42, LLC respectfully represents the following:

1. This action involves claims brought against Defendant by Plaintiffs, for damages that allegedly resulted from stealing Korilla BBQ's intellectual property, and illicitly transferring

that property to defendants. The amount of damages alleged are an amount to be determined at trial but not less than $5 million.

2. Aegis 42, LLC hereby file this notice that a Chapter 11 bankruptcy petition was filed on its behalf in the United States Bankruptcy Court, Eastern District of New York, on December 23, 2019 under bankruptcy case number 19-47698.

3. The issues and agreements at stake in the present action are inextricably linked to Debtor's pending bankruptcy proceedings. The connections to the bankruptcy include, but are not limited to, the following:

   a) First, if the Bankruptcy Court approves Debtor's proposed restructuring plan, the Guarantors, Aegis 42, LLC, may be relived of any liability under the alleged guarantees that the Plaintiff in the instant action seeks to enforce.

   b) Second, any recovery awarded under the guarantees would be subject to a reduction of monies paid by the Debtor.

   c) Third, the Guarantors, have a defense of election of remedies, and the Plaintiff is required to elect its remedies, pursuant to the agreement by and between all parties in the instant action.

   d) Fourth, the prohibition against duplicative recovery requires that, in the event a judgment is enforced by Plaintiff in this action, the resulting recovery be applied as an offset to reduce its claims against the bankruptcy estate, thereby potentially increasing the distribution to the Plaintiff and other potential creditors.

4. Each claim and cause of action in this action is related to the Chapter 11 case of Aegis 42, LLC. This action is one arising under title 11 or arising in or related to [a case] under title 11," and this Court therefore has original jurisdiction over this action. 28 U.S.C. §1334(b).

Jurisdiction exists under Section 1334(b) if the case "could conceivably have any effect on the estate being administered in bankruptcy." Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995). *See* In re Cuyahoga Equip Corp., 980 F.2d 110, 114 (2d Cir. 1992). "Related to" jurisdiction is construed broadly in the Second Circuit to encompass "nearly every matter directly or indirectly related to the bankruptcy." Cal. Pub. Employees' Ret. Sys. V. WorldCom, Inc., 368 F.3d 86, 103 (2d Cir. 2004). A proceeding is "related to" a bankruptcy proceeding even if it does not involve claims against the debtor or the debtor's property. *See* In re Cuyahoga, 980 F.2d at 114.

5. 28 U.S.C. §1452(a) provides: "[a] party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Thus, because this Court has original jurisdiction over the Plaintiff's claims under section 1334, those claims may be removed to this Court under section 1452. Further, removal of each claim and cause of action of the civil action to the Bankruptcy Court is authorized by 28 U.S.C. §§1452, 1334 and 157 and the Amended Standing Order of Reference M10-468, Docketed at 12 Misc. 00032, dated January 31, 2012 and filed February 1, 2012 ("Amended Standing Order of Reference"). Removal is in accordance with Bankruptcy Rule 9027.

6. Finally, the claims and cause of action subject to removal are "core" maters with respect to the Aegis 42, LLC's bankruptcy proceedings because their resolution will have a clear and direct impact on property of the estate under 11 U.S.C. §541. Indeed, the rights and responsibilities of the parties to this action cannot be decided without threshold determinations by the Bankruptcy Court, and certain claims may be mooted altogether if a restructuring plan is approved.

7. In addition, resolution of the claims asserted in this action will significantly affect

the handling and administration of the bankruptcy estate, would involve an estimation of claims or interest of the purpose of confirming a plan of reorganization under chapter 11, and would affect the adjustment of the debtor/creditor or the equity security holder relationship. Consequently, this action also involves "core" bankruptcy matters under 28 U.S.C. §157(b)(2) (A)(B) and (C).

8. Pursuant to 28 U.S.C. §1446(a) and/or Bankruptcy Rule 9027(a)(1), all process, pleadings and orders served on Aegis 42, LLC in this action are being filed along with this Notice of Removal and are attached hereto.

9. Pursuant to 28 U.S.C. §1446(d) and/or Bankruptcy Rule 9027(b) and (c), promptly after the filing of the instant Notice of Removal with the Court, copies of the instant Notice of Removal (without the attached state court pleadings) will be filed with the Clerk of the Court for the Supreme Court of the State of New York, County of New York and will be served on counsel for the other parties to the removed action.

10. Aegis 42, LLC seeks removal pursuant to 28 U.S.C. 1446(b)(2)(A).

11. Upon removal, the Debtor will promptly seek to refer this matter to the Bankruptcy Court.

Dated:   New York, New York
         January 6, 2020

Respectfully submitted,

_____
Lawrence F. Morrison, Esq.
Morrison Tenenbaum, PLLC.
*Counsel for Defendants*

## **LIST OF EXHIBITS**

Exhibit 1.   Summons with Notice (NYSCEF doc no. 1)

Exhibit 2.   Complaint (NYSCEF doc no. 12)

Exhibit 3.   Amended Complaint (NYSCEF doc no. 301)

Exhibit 4.   Suggestion of Bankruptcy (NYSCEF doc no. 312)