```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                  :
STEPHEN PARK et al.,                                              :
                                                                  :
                                       Plaintiffs,                :   **MEMORANDUM DECISION**
                                                                  :   **AND ORDER**
                    - against -                                   :
                                                                  :   20-cv-77 (BMC)
EDWARD SONG et al.,                                               :
                                                                  :
                                       Defendants.                :
----------------------------------------------------------------  X
```

**COGAN**, District Judge.

Upon filing a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York, defendant and debtor Aegis 42, LLC removed this case from state court to this Court pursuant to 28 U.S.C. § 1334 and 1452. Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under Title 11." The present case being "related to" the newly-filed bankruptcy case under title 11, this Court has jurisdiction over the removed proceedings under § 1334. See In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992).[1]

Upon removal, I referred the case to the Bankruptcy Court pursuant to the standing orders of referral in this district, rejecting plaintiffs' argument, among other things, for mandatory abstention in favor of the state court. I held that mandatory abstention did not apply because the case included claims under the Lanham Act against non-debtors. Under 28 U.S.C. § 1334(c)(2), if a "related-to" state court action is otherwise removable without regard to bankruptcy

---

[1] Defendants mistakenly removed the case to the Eastern District of New York from the Supreme Court of the State of New York, County of New York, which is embraced by the Southern District of New York. By stipulation, the parties agreed to waive the venue defect.

jurisdiction, i.e., it could have been "commenced in a court of the United States absent [bankruptcy] jurisdiction under this section," then mandatory abstention does not apply.

Plaintiffs have moved for reconsideration on the ground that mandatory abstention does apply because the Lanham Act claims are against non-debtors. Under the language of the statute, that does not matter. It was plaintiffs' choice to assert both Lanham Act claims against some parties and state law claims against all parties in the same state court action. That made the case removable under the Lanham Act without regard to bankruptcy jurisdiction, as the state law claims arose out of the same transactions as the Lanham Act claims. See 28 U.S.C. § 1367(a).

In other words, even if Aegis 42 had not filed under Chapter 11, the state court case would still have been removable. It does not become less removable, i.e., subject to mandatory abstention, just because Aegis 42 filed a bankruptcy petition. Cf. Ritchie Capital Mgmt., L.L.C. v. JPMorgan Chase & Co., 532 B.R. 461, 470 (S.D.N.Y. 2014) (suit between creditors and debtors' lenders, although removed on the basis of "related-to" bankruptcy jurisdiction, were not subject to mandatory abstention, since, although the debtors were not parties, the action could have also been removed based on the Edge Act); Langston Law Firm v. Mississippi, 410 B.R. 150, 155 (S.D.N.Y. 2008) (because bankruptcy court, like any court, has inherent jurisdiction to construe its own orders, an independent basis for federal jurisdiction existed in suit between two creditors and thus mandatory abstention did not apply, even though debtor was not a party to the lawsuit); In re WorldCom, Inc. Secs. Litig., 293 B.R. 308, 331 (S.D.N.Y. 2003) (mandatory abstention did not apply to related-to claim for securities fraud even though the debtor was not a party to the action).

Plaintiffs' [12] motion for reconsideration is therefore denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 9, 2020